IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 07-cv-01564-LTB-BNB

VICTORIA E. YARBROUGH,

    Plaintiff,

vs.

ADT SECURITY SERVICES, INC.
and MARCINA POLLARD,

    Defendants.

## PROTECTIVE ORDER

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall include information relating to the

following topics: financial and/or net worth information of defendant, including tax returns, annual reports, profit and loss statements, and balance sheets; proprietary information concerning Defendant's policies, procedures, and operations; the personnel and/ or human resource files of any of defendant's current or former employees; age, date of birth, salary and/or benefits information relating to defendant's current or former employees; medical records of defendant's current or former employees; confidential matters concerning defendant's trade secrets (Section 7-74-102(4), C.R.S.); and medical, employment, financial and or tax records relating to plaintiff and plaintiff's family members.

"Proprietary information" means information which is commercially valuable information that the employer has developed or obtained and taken reasonable measures to keep confidential. It does not include information that is generally known, derived from general training offered by the employer, or is readily ascertainable by proper means.

4.   CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties, including the Plaintiff's father and husband, and representatives for the entity defendants;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

10. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

November 2, 2007
DATE

/s/ Boyd N. Boland
~~JUDGE~~

**BOYD N. BOLAND**
United States Magistrate Judge

cc: William A. Richardson
1616 17th Street, Suite 566
Denver, Co 80202
Telephone: (303) 628-5449
Facsimile: (303) 628-5440
wrichardson1116@cs.com
Attorney for Plaintiff
Victoria E. Yarbrough

Michael L. Matula
Nicholas J. Walker
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Park Central Plaza
4717 Grand Avenue, Suite 300
Kansas City, MO 64108
Telephone: (816) 471-1301
Facsimile: (816) 471-1303
michael.matula@ogletreedeakins.com
nick.walker@ogletreedeakins.com
Attorneys for Defendant ADT

Marcina Pollard
1381 S. Cathay Court
Aurora, CO 80017
Telephone: (720) 281-1188
Pro Se Defendant